IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EARL RAY MILLS                                                                         PLAINTIFF

        v.                                    Civil No. 06-2011

CRAWFORD COUNTY, ARKANSAS;
SHERIFF MIKE ALLEN; MARC
McCUNE, Prosecuting Attorney;
TERRY REA, Jail Administrator;
JAIL NURSE; BILL GRIGGS, Public
Defender; ARKANSAS STATE
POLICE; and JOHN & JANE DOES                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Earl Ray Mills, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Mills' complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendants.

**I. Background**

In his complaint, Mills alleges he is disabled and suffers from chronic pain. For five years, he alleges he has undergone chronic pain management. Mills maintains he has been denied proper medications and a doctor's appointment by Sheriff Allen and the jail nurse.

Mills also asserts the prosecuting attorney would not agree to the signature bond that Judge Cottrell was going to approve. Mills alleges that he has received no explanation for the wrongful failure to appear charges that have been brought against him. Finally, Mills maintains his public defender, Bill Griggs, has refused to confer with, or make any attempt to assist, him.

-1-

AO72A
(Rev. 8/82)

As relief, Mills asks that he be released or provided a hearing on his request for bond. He also requests a doctor's appointment and that his medications be filled and dispensed to him.

Also before the court is Mills' motion to amend his complaint. Mills asks that he be allowed to dismiss his claims against the Arkansas State Police (Doc. 5).

## II. Discussion

Several of Mills' claims are subject to dismissal. First, Marc McCune, the prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Mills' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will

AO72A
(Rev. 8/82)

recur. Mills can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Bill Griggs is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Griggs is not acting under color of state law while representing Mills in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Next, Mills' claims that he has been falsely arrested, improperly charged, and falsely incarcerated are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.

-3-

> A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

To the extent Mills' claims are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Mills' claims regarding his incarceration stem from the fact that he was arrested and charged with state criminal offenses. These charges are currently pending. To allow Mills' claims to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention as to these claims are appropriate.

AO72A
(Rev. 8/82)

### III. Conclusion

Accordingly, I recommend that the following:

(1) all claims against Marc McCune and Bill Griggs be dismissed as these individuals are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time);

(2) Mills' false arrest and false imprisonment claims be dismissed on the grounds they are barred by *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable). To the extent Mills' claims for injunctive relief are not barred by *Heck*, I recommend these claims be stayed and administratively terminated. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999)(stay rather than dismissal appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional). Mills may reopen his false arrest and false imprisonment claims after the conclusion of the state criminal case;

and (3) Mills' motion to amend his complaint to dismiss the Arkansas State Police be granted.

This leaves for later resolution Mills' claim that he is being denied adequate medical care. By separate order the undersigned direct service on Sheriff Mike Allen, Jail Administrator Terry Rea, and the Jail Nurse.

**Mills has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

AO72A
(Rev. 8/82)

**may result in waiver of the right to appeal questions of fact. Mills is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of February 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)